United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40050
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FARID ARTURO CANIZALEZ-RIVERA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1332-1
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Farid Arturo Canizalez-Rivera appeals the conviction and
sentence imposed following his guilty plea to unlawful presence
in the United States after having been deported, in violation of
8 U.S.C. § 1326. Canizalez-Rivera contends that his sentence is
illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct.
738 (2005), because it was imposed pursuant to a mandatory
application of the federal sentencing guidelines. Canizalez-
Rivera, thus, alleges a "Fanfan" error. See United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Walters, 418 F.3d 461, 463 (5th Cir. 2005). In the district court, Canizalez-Rivera objected to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), and the Government concedes that the preserved Fanfan error is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Canizalez-Rivera's sentence. See Walters, 418 F.3d at 464; United States v. Pineiro, 410 F.3d 282, 284-86 (5th Cir. 2005). We therefore VACATE the sentence and REMAND for resentencing in accordance with Booker.

Canizalez-Rivera also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Canizalez-Rivera's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Canizalez-Rivera contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Canizalez-Rivera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.